UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

                                  Case No. 23-cr-20201

vs.

                                  Hon. Judith E. Levy

Ronald Norvale Williams,

    Defendant.

_____/

## Government's Motion to Stay the Court's Dismissal of the Indictment Pending Appeal

    The Court should stay its dismissal of the indictment here pending appeal. Defendant Ronald Norvale Williams is a convicted double murderer who carried a weapon and 23 grams of cocaine while on parole for the murders. Given the similarities between Williams' justification for the prior violence and his justification for the recent gun possession, the Court's ruling creates a high risk that an unrehabilitated Williams will hurt or kill someone with a firearm if immediately released.

    The current weight of authority also strongly suggests that the Court's ruling here is unlikely to survive appeal. Every other federal

judge in this district who has ruled on the matter has upheld the felon-in-possession statute, 18 U.S.C. § 922(g)(1), against similar Second Amendment challenges—rejecting at least 29 such challenges since *Bruen* was decided. Most courts of appeals that have considered section 922(g)(1) post-*Bruen* have reached the same conclusion, including the Sixth Circuit in an unpublished order. *United States v. Vaughn*, No. 23-5790, 2023 U.S. App. LEXIS 25818, at *3 (6th Cir. Sep. 28, 2023) ("[W]e unambiguously held in *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), that felon-in-possession statutes do not violate the Second Amendment, and that remains the binding law in this circuit."). And six Supreme Court justices have suggested the same thing—in *Bruen* itself, no less. Thus, although the government understands and respects the Court's ruling here, that ruling seems unlikely to remain intact.

And it shouldn't take long to find out. The Supreme Court heard oral argument in November in *United States v. Rahimi*, S. Ct. No. 22-915, on the constitutionality of 18 U.S.C. § 922(g)(8). The Supreme Court's decision there is, at most, a few months away, and it will likely

2

provide guidance on the application of *Bruen* to section 922(g)(1)—as this Court itself implicitly acknowledged by citing *Rahimi* in its ruling here. The Sixth Circuit, moreover, is hearing oral argument on the constitutionality of section 922(g)(1) in only a few weeks. That decision, too, will soon provide appellate guidance on the issue presented here.

Accordingly, the government respectfully requests the Court stay its dismissal pending an appeal to the Sixth Circuit. The government has conferred with Williams' counsel; Williams opposes a stay.

I. Facts

Williams shot and killed two people who were riding in a car with him. From the backseat, Williams shot his first victim, who was sitting in the front passenger seat. The second victim was the driver, who fled as Williams began shooting and was hit three times. Williams later justified shooting these victims by saying he "was acting in self-defense[.]" R. 19-1, PageID.149. Williams' conduct resulted in his convictions for first- and second-degree murder, and felony firearm. *See* Mich. Comp. Laws §§ 750.316, 750.317, 750.227b.

3

Williams paroled in December 2019 after a resentencing proceeding. R. 19-1, PageID.152, 169. While on parole, Williams crashed into another vehicle on the Lodge Freeway in Detroit. When the Michigan State Police responded to the scene, troopers found a stolen Hi-Point pistol loaded with six rounds on the driver's-side floorboard. *Id.,* PageID.155-56. Williams was alone in the vehicle. A search of his backpack revealed 23 grams of cocaine in two different packages, and a methamphetamine pill. *Id.,* PageID.156, 163, 166. When asked about the gun, Williams said he obtained it because he saw the daughter of one of his murder victims gesture at him when he was stopped at a traffic light. *Id.,* PageID.156.

The United States indicted Williams for being a felon in possession of a firearm. R. 1. Williams consented to pretrial detention. R. 8. He later filed a motion to dismiss the indictment, citing the Second Amendment and *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). R. 13. This Court granted the motion, opining that section 922(g)(1) is "unconstitutional as applied to Defendant." R. 29, PageID.462.

## II. Argument

The determination of whether to issue a stay hinges on four factors: (1) whether the stay applicant has made a "strong showing that [it] is likely to succeed on the merits"; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). When the government is a party, the public's interest and the government's interest "merge." *Id.* at 435. These factors heavily favor a stay.

### A. *The government is likely to succeed on appeal.*

The government has prevailed in almost all post-*Bruen* litigation involving the felon-in-possession statute. That is especially true in the Eastern District of Michigan, where this Court's decision is the only *Bruen* challenge of section 922(g)(1) out of 30 to prevail.[1] And the Sixth

---

[1] The other decisions are:

5

- *United States v. Kasaras Kemp*, 2:23-cr-20524, R. 24 (E.D. Mich. Feb. 16, 2024) (Goldsmith, J.);
- *United States v. Rushing*, 2:23-cr-20393, R. 26 (E.D. Mich. Jan. 31, 2024) (Grey, J.);
- *United States v. Freeman*, 2:23-cr-20258, R. 26 (Michelson, J.);
- *United States v. Goodson*, 2:23-cr-20307, R. 46 (E.D. Mich. Dec. 18, 2023) (Cox, J.);
- *United States v. Williams*, 2:23-cr-20243, R. 28 (E.D. Mich. Nov. 27, 2023) (Drain, J.);
- *United States v. Ross*, 1:23-cr-20168, R. 47 (E.D. Mich. Nov. 7, 2023) (Ludington, J.);
- *United States v. Blackwell-Esters*, 2:22-cr-20287, R. 34 (E.D. Mich. Oct. 26, 2023) (Hood, J.);
- *United States v. Capozzoli*, 2:22-cr-20005, R. 43 (E.D. Mich. Oct. 26, 2023) (Hood, J.);
- *United States v. McNeil*, 2:23-cr-20229, R. 28 (E.D. Mich. Oct. 11, 2023) (Berg, J.);
- *United States v. Nailor*, 2:23-cr-20076, R. 59 (E.D. Mich. Sept. 15, 2023) (Cox, J.);
- *United States v. Dobbs*, No. 2:22-cr-20068, R. 38 (E.D. Mich. July 18, 2023) (Parker, J.);
- *United States v. Holmes*, No. 2:23-cr-20075, R. 43 (E.D. Mich. July 12, 2023) (Parker, J.);
- *United States v. Keels*, No. 2:23-cr-20085, R. 40 (E.D. Mich. June 30, 2023) (Lawson, J.);
- *United States v. Nelson*, No. 2:22-cr-20512, R. 42, __ F.Supp.3d __, (E.D. Mich. June 29, 2023) (Berg, J.);
- *United States v. Gibbs*, No. 2:22-cr-20268, R. 50 (E.D. Mich. June 7, 2023) (Friedman, J.) (order only);
- *United States v. Hopkins*, No. 2:22-cr-20448, R. 48 (E.D. Mich. June 6, 2023) (Friedman, J.);

Circuit recently held, in September 2023, that a defendant's *Bruen* challenge to section 922(g)(1)'s constitutional validity was not likely to succeed on the merits because it did not identify "a 'close question or

- *United States v. Jackson*, No. 2:22-cr-20628, R. 30 (E.D. Mich. May 31, 2023) (Friedman, J.) (order only);
- *United States v. Neely*, No. 2:22-cr-20513, R. 27 (E.D. Mich. May 25, 2023) (Parker, J.);
- *United States v. Haywood*, No. 2:22-cr-20417, R. 44 (E.D. Mich. May 25, 2023) (Parker, J.);
- *United States v. Carter*, No. 2:22-cr-20477, R. 51 (E.D. Mich. May 9, 2023) (Roberts, J.);
- *United States v. Bluer*, No. 2:22-cr-20557, R. 27 (E.D. Mich. May 8, 2023) (Michelson, J.);
- *United States v. Hazley*, No. 2:22-cr-20612, R. 32 (E.D. Mich. May 4, 2023) (Parker, J.);
- *United States v. Taylor*, No. 3:22-cr-20315, R. 36 (E.D. Mich. Apr. 26, 2023) (Cleland, J.);
- *United States v. Mcilwain*, No. 2:23-cr-20012, R. 28 (E.D. Mich. Apr. 26, 2023) (Murphy, J.);
- *United States v. Thomas*, No. 2:23-cr-20036, R. 27 (E.D. Mich. Apr. 25, 2023) (Murphy, J.);
- *United States v. Smith*, No. 22-cr-20351, R. 35 (E.D. Mich. Feb. 24, 2023) (Goldsmith, J.);
- *United States v. Ross*, No. 22-cr-20049, R. 34 (E.D. Mich. Feb. 15, 2023) (Murphy, J.);
- *Shelby-Journey-Egnis v. United States*, No. 2:21-cr-20535, R. 53 (E.D. Mich. Dec. 5, 2022) (Lawson, J.); and
- *United States v. Burrell*, No. 3:21-cr-20395, R. 34 (E.D. Mich. Sept. 7, 2022) (Cleland, J.).

one that could go either way.'" *Vaughn*, 2023 U.S. App. LEXIS 25818, at *1-2 (quoting *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)). That is because, the *Vaughn* Court explained, the Sixth's Circuit's pre-*Bruen* decision affirming section 922(g)(1) "remains the precedent in this circuit." *Id.* at *3 (citing *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010)). The Sixth Circuit further noted that "the vast majority of courts to have reconsidered the constitutionality of § 922(g)(1) post-*Bruen* have upheld it." *Id.* (citing *United States v. Gleaves*, No. 3:22-cr-00014, 2023 U.S. Dist. LEXIS 20328, at *1 (M.D. Tenn. Feb. 6, 2023) (collecting cases)).

Two federal circuits have also addressed the issue and sided with the government on section 922(g)(1)'s validity. *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023); and *United States v. Jackson*, 69 F.4th 495, 501-06 (8th Cir. 2023). And while the Fifth Circuit invalidated section 922(g)(8), which disarms individuals subject to domestic personal protection orders, it noted that *Bruen* and prior Supreme Court cases "support that criminals, as a group, fall outside 'the people' and that § 922(g)(1) is well-rooted in the nation's history

8

and tradition of firearm regulation." *United States v. Rahimi*, 61 F.4th 443, 452 (5th Cir. 2023) (quoting *Range v. Attorney General*, 53 F.4th 262, 273 (3d Cir. 2022)), *cert. granted*, 143 S. Ct. 2688 (2023).

The only federal circuit court to invalidate section 922(g)(1) under *Bruen* was the Third Circuit—in far different circumstances than here. In what it characterized as a "narrow" holding, that court opined that section 922(g)(1) was unconstitutional as applied to an individual, no longer under court supervision, who had a 28-year-old conviction for making a false statement to obtain food stamps. *Range v. Attorney General*, 69 F.4th 96, 98, 106 (3d Cir. 2023) (en banc). And "Range's criminal history is limited to minor traffic and parking infractions and a summary offense for fishing without a license." *Id.* at 98. Thus, even if the Third Circuit's view became the law in the Sixth Circuit, it would not help Williams. Williams' prior convictions—for which he remained on parole—were for fatally killing two people using a firearm.

Finally, a clear majority of the Supreme Court acknowledged in *Bruen* that felons may be disarmed without violating the Second Amendment. *See Bruen,* 597 U.S. at 72 (Alito, J., concurring) (observing

9

that the high court's opinion did not undercut any language in prior cases regarding the viability of restrictions on gun possession); *id.* at 81 (Kavanaugh, J., concurring, joined by Roberts, C.J.) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]"); *id.* at 129-30 (Breyer, J., dissenting, joined by Kagan and Sotomayor, JJ.) (agreeing with Justice Kavanaugh's statement about felon disarmament); *see also District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill …"). Even if this Court were correct that those six justices' opinions are not technically binding here, either as a holding or otherwise, *see* R. 29, PageID.404-05 n.9, those opinions cannot be so easily discounted when considering whether to grant a stay—which focuses on the government's likelihood of success on appeal. *Nken*, 556 U.S. at 434. There are few better predictors of an appeal's likelihood of success than the opinions of six justices of the Supreme Court.

10

The government is likely to succeed on appeal and this factor weighs heavily in favor of a stay.

B.   *Harm to the government & public interest.*

The government and the public's interest "merge" here, *Nken*, 556 U.S. at 435, and they both support a stay. In a criminal case, the "risk that the prisoner will pose a danger to the public" is a factor supporting a stay. *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987).

Here, that risk exists, and it is a serious one. Williams is not a run-of-the-mill felon, nor one whose record reflects a felony conviction for a non-violent petty theft such as stealing a backpack. Instead, Williams is a convicted double murderer. He fatally shot two defenseless individuals—while claiming self-defense—and once paroled, got his hands on 23 grams of cocaine and the same kind of lethal weapon (a loaded gun) with which he already ended two lives. R. 19-1, PageID.149-50, 152, 155-56, 163, 166, 169.

Williams obtained the gun because, he said, one of his victim's daughters gestured at him. *Id.,* PageID.156. This "justification," 36 years after fatally shooting two people *from behind* in "self-defense" —

11

*see id.*, PageID.149—establishes that Williams continues to present a threat to public safety. Williams is exactly the kind of person Congress determined "'may not be trusted to possess a firearm without becoming a threat to society.'" *Scarborough v. United States,* 431 U.S. 563, 572 (1977) (quoting 114 Cong. Rec. 14773 (1968)).

And unlike many felons, Williams was under active parole supervision at the time of this offense. Despite that supervision, Williams still violated the terms of his parole. These circumstances demonstrate the Williams would, if released, continue to pose a threat to the public.

C.   *Injury to the responding party.*

Williams faces little risk of harm from a stay. His motion to dismiss here was pending for eight months. He currently faces a parole-revocation proceeding for his murder convictions. And it is unknown whether or when he will be released by state authorities.

In addition, it is unlikely that this Court and the parties will need to wait long before learning whether the Court's ruling here was correct. The Sixth Circuit will hear oral argument on March 21 in

12

*United States v. Goins* (No. 23-5848), which involves a preserved *Bruen* challenge to section 922(g)(1)'s validity. Unlike most cases where an appeal will necessarily take time to litigate, here the issue is already teed up for the Sixth Circuit. And the Supreme Court *already* heard oral argument in *United States v. Rahimi*, S. Ct. No. 22-915, addressing the constitutionality of 18 U.S.C. § 922(g)(8). The Supreme Court's decision in *Rahimi* is expected by late June and will almost certainly have some bearing on the proper analysis of § 922(g)(1). Thus, continuing Williams' detention pending appeal presents less harm to the defendant than the usual circumstances of a government appeal. If the government is correct that a higher court will ultimately reverse this Court's decision, any release due to the Court's dismissal would be only temporary—and would expose the public to an unjustified risk of harm from Williams in the meantime.

### III. Conclusion

The Court should stay the dismissal pending appeal.

Respectfully submitted,

DAWN N. ISON
United States Attorney

13

                                                  /s/ Louis F. Meizlish
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
louis.meizlish@usdoj.gov
313-226-9745

Date:      February 29, 2024

14

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Louis F. Meizlish
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
louis.meizlish@usdoj.gov
313-226-9745